[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 12, 2008
THOMAS K. KAHN
CLERK

No. 07-15856

_____

D. C. Docket No. 06-01703 CV-ORL-19-KRS

ALAN HOROWITCH,

Plaintiff-Appellee,

versus

DIAMOND AIRCRAFT INDUSTRIES, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 12, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON, Circuit Judge, and COHILL,*
District Judge.

PER CURIAM:

_____
*Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District of
Pennsylvania, sitting by designation.

Pursuant to 28 U.S.C. §1292(b), the district court certified for interlocutory appeal the following as a controlling issue of law: "Whether Florida law would enforce a contractual provision that limits a buyer's remedy to a return of his deposit upon the seller's breach." After full discussion at oral argument, and after careful consideration, we conclude that the administrative panel improvidently granted leave to pursue this interlocutory appeal.

In the Eleventh Circuit an administrative panel makes the initial decision to permit an interlocutory appeal under §1292(b). However, the administrative panel's ruling is subject to revocation by the merits panel designated to decide the case. McFarlin v. Conseco Servs., 381 F.3d 1251, 1253 (11th Cir. 2004. Accordingly, the previous order of the administrative panel granting permission to appeal this case is VACATED, and the petition for permission to appeal is DENIED, and this appeal is DISMISSED without prejudice and REMANDED to the district court for further proceedings.